DAVID W. SCOFIELD - 4140
THOMAS W. PETERS - 8856
**PETERS | SCOFIELD**
*A Professional Corporation*
Suite 115 Parleys Corporate Center
2455 East Parleys Way
Salt Lake City, Utah 84109
Telephone: (801) 322-2002
Facsimile: (801) 322-2003

Attorneys for Plaintiff

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL E. ANDERER,<br><br>Plaintiff,<br><br>-vs-<br><br>C2 SYSTEMS, LLC, a Delaware limited liability company; JOHN RUDD; STEPHEN A. BRYANT; KENDALL BRYANT; SUN TRUST BANKS, INC. dba SUNTRUST BANK, ATLANTA; JP MORGAN CHASE BANK, N.A., a national bank; CLAYTON B. MCCULLOUGH; PRATT-THOMAS WALKER, P.A. and JOHN DOES I through XX,<br><br>Defendants. | MEMORANDUM OPPOSING SUN TRUST BANKS, INC.'S MOTION TO DISMISS (DOCKET NO. 7)<br><br>Case No. 2:09cv00077<br><br>Honorable Dee V. Benson |

Plaintiff Michael E. Anderer ("Anderer"), by and through his undersigned counsel, submits the following Memorandum Opposing Sun Trust Banks, Inc.'s Motion to Dismiss

(Docket No. 7):

## ARGUMENT

I.    A COMPLAINT FILED IN STATE COURT MUST BE JUDGED AS TO ITS ADEQUACY UNDER STATE LAW.

Rule 81 states that the federal rules of civil procedure "apply to a civil action after it is removed from a state court." FED. R. CIV. P. 81(c)(1). Rule 81 further provides that after removal, "repleading is unnecessary unless the court orders it." FED. R. CIV. P. 81(c)(2). "It is well established that the district court 'takes the [removed] action in the posture in which it existed when it is removed from a state's court jurisdiction and must give effect to all actions and procedures accomplished in a state court prior to removal.'" *Sun Forest Corp. v. Shvili,* 152 F. Supp. 2d 367, 387 (S.D.N.Y 2001)(change in original).

Moreover, a complaint filed in the state court prior to removal is not subject to the strictures of the federal rules of civil procedure. *See Griffen v. City of Oklahoma City,* 3 F.3d 336, 338-39 (10th Cir. 1993). In *Pacific Employers Insurance Company v. Sav-A-Lot of Winchester,* 291 F.3d 392 (6th Cir. 2002), a Kentucky state court action had been removed to the United States District Court for the Eastern District of Kentucky. The district court was presented with the question of whether an amendment to the complaint related back to its filing. Under the federal rule of civil procedure on relation back, the amendment would relate back. Under the Kentucky rule of civil procedure under which the complaint had been filed, the amendment would not relate back. *Id.* at 394. The Sixth Circuit held that the Kentucky Rules of Civil Procedure governed the question of relation back to the filing of the original complaint in the state court. *Id.* at 395. The Ninth Circuit reached the same result in

*Anderson v. Allstate Insurance Co.,* 630 F.2d 677 (9th Cir. 1980), holding that the relation back of an amendment to the complaint "is governed by the law of California because the relevant amendments and service of process preceded removal to federal court." *Id.* at 682.

In *Kuykendahl-WP Retail I, L.P. v. Wild Oats Markets, Inc.,* No. H-07-4573, 2008 U.S. Dist. LEXIS 21293 (S.D. Tex. March 18, 2008)(unpublished), copy attached as Exhibit A, the Court held that "[s]ince [plaintiff] filed its petition in state court, whether the petition adequately states a claim of fraud is governed by Texas -- not federal -- procedure." *Id.* at *13. The Court reached that conclusion by analyzing multiple decisions concerning removed cases:

> Thus, "[t]he federal rules do not apply to filings in state court, even if the case is later removed to federal court." *Tompkins v. Cyr,* 202 F.3d 770, 787 (5th Cir. 2000); *see also id.* at 787-88 (applying Texas Rule of Civil Procedure 13, not Federal Rule of Civil Procedure 11, to determine whether plaintiff's allegedly frivolous claims warranted the imposition of sanctions); *Norsyn, Inc. v. Desai,* 351 F.3d 825, 829 n.4 (8th Cir. 2003) (using state law, not Federal Rule of Civil Procedure 4, to determine whether plaintiff's service on defendant prior to removal was sufficient); *Nealey v. Transportacion Maritima Mexicana, S.A.,* 662 F.2d 1275, 1279 n.5 (9th Cir. 1980) (holding that issue of whether plaintiff failed to prosecute his case prior to removal was governed by state law, not Federal Rule of Civil Procedure 41).

*Id.* at *12-13.

Defendant Sun Trust Banks, Inc. dba SunTrust Bank, Atlanta ("Sun Trust") invokes FED. R. CIV. P. 12(b)(6) to attack the legal sufficiency of plaintiff's complaint to state a cognizable claim against Sun Trust. The applicable provision of rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff allege "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Utah counterpart of

that rule, which governed the sufficiency of the complaint at the time it was filed in the Utah state court, likewise requires that a plaintiff allege "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." UTAH R. CIV. P. 8(a)(1).

All of the reasons that the affirmative defense of privilege may not be considered apply equally to Sun Trust's argument about the ultimate proof of its degree of fault. The Complaint very specifically pleads in paragraph 68 that "[a]t the time Sun Trust re-published such defamation, it knew that it had an insufficient basis on which to make any statement that plaintiff had engaged in any criminal misconduct and it exhibited a reckless disregard for the truth or falsity of the statement prior to the re-publication to Chase." UTAH R. CIV. P. 9(b) very clearly states: "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." The condition of Sun Trust's knowledge may be and has been generally averred.

Since the state procedural rule is verbatim the federal procedural rule, it would seem that the result should be identical in either forum. If it were not, however, it is Utah law which governs the legal sufficiency of the complaint filed in the state court and nor federal law.

II. **THE COMPLAINT ADEQUATELY PLEADS A CLAIM FOR DEFAMATION UNDER UTAH LAW.**

Although citing many Utah cases, Sun Trust's memorandum notably omits the controlling Utah case on all fours as to both the substance of a claim and the pleading requirements to state a claim under Utah law. In *Zoumadakis v. Uintah Basin Medical Center,* 122 P.3d 891 (Utah Ct. App. 2005), the Utah Court of Appeals stated: "Utah law requires a defamation complaint to be dismissed for lack of particularity only where it contains

nothing more than general, conclusory allegations of defamation." *Id.* at 893 (citing *Dennett v. Smith,* 21 Utah 2d 368, 445 P.2d 983, 984 (1968)).

As to Sun Trust's conditional privilege argument, a dismissal on such grounds is improper under Utah law: "While Utah law recognizes a qualified privilege of the sort Uintah raises as a defense to Zoumadakis's claim of defamation, *see Brehany v. Nordstrom, Inc.,* 812 P.2d 49, 58 (Utah 1991), in the posture the trial court dismissed her defamation claim, *i.e.*, on a rule 12(b)(6) motion for failure to state a claim, the trial court jumped the gun in concluding the privilege was dispositive." *Id.* Instead, the Court of Appeals made clear that, under Utah law, conditional privileges are entirely affirmative defenses which must be pleaded in an answer and upon which the defendant bears the burden of persuasion to show that such privilege has not been abused. *Id.* at 893-94. The Court continued its criticism of the tactic of raising such an affirmative defense in the context of a motion to dismiss:

> In light of our analysis, it was not necessary for Zoumadakis to amend her complaint to include allegations anticipating and rebutting Uintah's claimed qualified privilege. In fact, the record shows that Uintah has not even properly pleaded privilege as an affirmative defense in answer to Zoumadakis's complaint. *See* Utah R. Civ. P. 8(c). Instead, Uintah raised the issue for the first time in support of its 12(b)(6) motion to dismiss. Raising an affirmative defense, like a qualified privilege, for the first time in a 12(b)(6) motion is not generally appropriate since "dismissal under rule 12(b)(6) is 'justified only when the allegations of the complaint itself clearly demonstrate that the plaintiff does not have a claim.'" *Tucker v. State Farm Mut. Auto. Ins. Co.,* 2002 UT 54, P7, 53 P.3d 947 (citation omitted) (emphasis in original). Thus, "affirmative defenses, which often raise issues outside of the complaint, are not generally appropriately raised in a motion to dismiss under rule 12(b)(6)." *Id.* Consequently, in the context of Uintah's 12(b)(6) motion, the burden of proving the abuse of any qualified privilege was not yet on Zoumadakis. The trial court should only have considered whether her complaint stated a claim upon which relief could be granted based on the allegations of the complaint itself, and not based on any possible affirmative defenses.

*Id.* at 895 n.6.  In short, Sun Trust's attempt to assert that plaintiff has the burden to preemptively plead in any fashion under Utah law concerning its defense of conditional privilege was squarely rejected by controlling case law more than three years ago.

Sun Trust also argues that its publication contained no defamatory statement about plaintiff.  Paragraph 68 of the complaint,[1] which pleads: "Kendell's false statement was re-published by Sun Trust to Chase, **to the effect that plaintiff has stolen money from one of his incubator companies, C2.**  At the time Sun Trust re-published such defamation, it knew that it had an insufficient basis on which to make any statement that plaintiff had engaged in any criminal misconduct and it exhibited a reckless disregard for the truth or falsity of the statement prior to the re-publication to Chase."  Complaint, ¶ 68 (emphasis added).

Sun Trust's argument to this Court falsely characterizes paragraph 68 as limiting the content of Sun Trust's re-publication strictly to the Kendall Bryant affidavit itself.  Sun Trust memorandum at 4, ¶ 8, 6.  The plain language of paragraph 68 of the Complaint affords no such interpretation.  Additionally, while Sun Trust argues that its publications "had no defamatory meaning," Sun Trust memorandum at 6, nowhere in the complaint did plaintiff delimit the universe of Sun Trust defamatory publications as the mere transmittal of the Kendall Bryant affidavit (which Sun Trust says simply stated that the payment was not received by C2 Systems, LLC, see Sun Trust memorandum at 6, but which in fact also says "Send completed form to Fraud Loss Prevention").  In Sun Trust's effort to falsely

---

[1] A copy of the complaint is attached to the Notice of Removal (Docket No. 1) as Exhibit A.

characterize the Complaint, it simply ignores that its publications caused defendant JP Morgan Chase, N.A. to send a letter to plaintiff, averring that the check plaintiff had signed had a "Forged Endorsement."  See Complaint, Exhibit II.  Then on December 18, 2008, the e-mail from defendant JP Morgan Chase, N.A.'s in-house counsel reveals again that Sun Trust's claim to JP Morgan Chase, N.A. was that Mr. Anderer had forged an endorsement.  See Complaint Exhibit LL ("If we do not receive documentation supporting your assertion that Mr. Anderer in fact was a joint owner of C2 Systems, we will have no alternative but to pay Suntrust's claim and pursue Mr. Anderer for his forged endorsement of the C2 Systems check.")  Sun Trust cannot ignore the allegations of the complaint, pretend that its defamatory publications were not defamatory and conclude that they did not lead JP Morgan Chase, N.A. to believe that plaintiff was a forger.  Plainly, the publications led JP Morgan Chase, N.A. to conclude that the check plaintiff had deposited with it contained a forged endorsement.  Sun Trust cannot 's re-publication of a statement accusing plaintiff of stealing money is defamatory in that it accuses plaintiff of criminal conduct.  Sun Trust's motion to dismiss must be denied.

**III.   EVEN IF SUN TRUST'S PRIVILEGE AND FAULT ARGUMENTS COULD BE CONSIDERED, AND THEY CANNOT, IT ABUSED ANY PRIVILEGE AND KNOWINGLY FALSELY DEFAMED PLAINTIFF.**

Sun Trust was provided with actual knowledge that plaintiff had not forged any endorsement on August 1, 2008, when it received a copy of plaintiff's counsel's letter to the Miami Dade County Public Schools, genuine copy attached as Exhibit B, with fax confirmation showing receipt by Sun Trust.  Sun Trust never contacted plaintiff after it received that letter yet apparently continued its defamatory publications to defendant JP

-7-

Morgan Chase, N.A., which caused JP Morgan Chase to send its December, 2008 e-mail accusing plaintiff of forging an endorsement.  This is a factual issue that cannot be resolved on a motion to dismiss.

### IV.  PLAINTIFF'S DECLARATORY JUDGMENT CLAIM IS SOUND.

Sun Trust, in both its motion (Docket No. 7) and its memorandum (Docket No. 8), makes no mention whatsoever of the declaratory judgement claim asserted against it in Count VII of the Complaint, at ¶¶ 102-07.  The Complaint cannot be dismissed, as plaintiff is entitled under UTAH CODE ANN. ¶ 78B-6-401(1) to a declaratory judgment concerning Sun Trust's claim, as stated to JP Morgan Chase, N.A., that he forged an endorsement.

### CONCLUSION

Plaintiff respectfully requests, based on the foregoing, that Sun Trust's motion to dismiss be denied, in its entirety.

DATED this 2nd day of March, 2009.

> PETERS | SCOFIELD
> *A Professional Corporation*
>
> /s/ David W. Scofield
> DAVID W. SCOFIELD
> Attorneys for Plaintiff

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing **MEMORANDUM OPPOSING SUN TRUST BANKS, INC.'S MOTION TO DISMISS (DOCKET NO. 7)** was served on March 2, 2009, by electronic transmission via the Court's CM/ECF notification system on the following:

| | |
|---|---|
| Stuart H. Schultz<br>**STRONG AND HANNI**<br>3 Triad Center, Suite 500<br>Salt Lake City, Utah 84180<br>E-Mail: sschultz@strongandhanni.com | John R. Lund<br>P. Matthew Cox<br>**SNOW, CHRISTENSEN & MARTINEAU**<br>10 Exchange Place, Eleventh Floor<br>Post Office Box 45000<br>Salt Lake City, Utah 84145<br>E-Mail: jrl@scmlaw.com<br>E-Mail: pmc@scmlaw.com |

and served on March 2, 2009, by deposit in the United States mail, first class postage prepaid, addressed to the following:

| | |
|---|---|
| Stephen A. Bryant<br>108 Forest View<br>Peachtree City, GA 30269 | Kendall Bryant<br>108 Forest View<br>Peachtree City, GA 30269 |
| C2 Systems, LLC<br>c/o Its Registered Agent<br>Business Filings Incorporated<br>108 West 13th Street<br>Wilmington, Delaware 19801 | John Rudd<br>1807 Fontaine Court<br>Austin, Texas 78734 |

JP Morgan Chase Bank, N.A.
c/o Its Registered Agent
C T Corporation System
136 East South Temple, Suite 2100
Salt Lake City, Utah 84111

                                               /s/ David W. Scofield
                                               DAVID W. SCOFIELD