Douglas L. Stowell, 6659
Adam L. Crayk, 9443
STOWELL & CRAYK, PLLC
525 South 300 East, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 944-3459
Facsimile: (801) 483-0705
Attorneys for C2 Systems, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| MICHAEL E. ANDERER,<br><br>Plaintiff,<br><br>vs.<br><br>C2 SYSTEMS, LLC, a Delaware limited liability company, JOHN RUDD; STEPHEN A. BRYANT, KENDALL BRYANT; SUN TRUST BANKS, INC. dba SUN TRUST BANK, ATLANTA; JP MORGAN CHASE BANK, N.A., a national bank; CLAYTON B. MCCULLOUGH; PRATT-THOMAS WALKER, P.A., and JOHN DOES I Through XX,<br><br>Defendants. | **ANSWER TO COMPLAINT**<br><br>Case No. 2:09cv00077<br>Judge Dee Benson |

COMES NOW, Defendant C2 Systems, LLC, by and through its attorney of record, Douglas L.

Stowell, and hereby submits this Answer to the Plaintiff's Complaint, subject to the pending

Motion to Dismiss. C2 Systems, LLC (hereinafter "C2") answers as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

1

## ANSWERS TO SPECIFIC ALLEGATIONS

C2 responds to the specific allegations in the complaint as follows:

1. C2 admits that Bryant formed the company but denies all other portions of this allegation.

2. C2 neither admits nor denies this allegation as it does not specifically require an answer from C2. C2 admits that Bryant met with the Plaintiff on a number of occasions but neither admits nor denies all other portions of this allegation.

3. Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

4. C2 neither admits nor denies this allegation as it is presently written because it cannot ascertain what Plaintiff refers to by the term "shortly thereafter."

5. Admit that C2 had an agreement with Version 3, but neither admit nor deny all remaining parts of this allegation.

6. Deny.

7. C2 admits there was an agreement to sell an interest in C2 to Rudd but neither admits nor denies the balance of the allegation as stated.

8. Deny.

9. Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

10. Deny.

11. Admit.

12.    Neither admit nor deny.

13.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

14.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

15.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

16.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

17.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

18.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

19.    Neither admit nor deny.

3

20.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

21.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

22.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

23.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

24.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

25.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

26.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted. C2 denies all portions of this allegation which are not consistent with the document.

27.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

28.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

29.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

30.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

31.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

32.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

33.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

34.     Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

35.     Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

36.     Neither admit nor deny.

37.     Admit that changes were made to the checking account but affirmatively allege that such changes were directly related to the Plaintiff's improper conduct concerning the checking account.

38.     Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

39.     Deny.

40.     Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

41.     Admit.

42.     Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

43.     Deny this allegation as written but admit that during the conversation referred to legal options were discussed.

44.     Deny.

45.     Neither admit nor deny.

46.     Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

47.     Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

48.     Admit.

49.     Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

50.     Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

51.     Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

52.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

53.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

54.    C2 admits that C2 received a check at the Salt Lake City Office payable to it.  C2 Neither admits nor denies all remaining portions of this allegation.

55.    C2 admits so much of this allegation as states the Plaintiff misappropriated the check payable to C2 by depositing it into an account not belonging to C2 but neither admits nor denies all remaining portions of this allegation.

56.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

57.    Deny.

58.    Deny.

59.    Deny.

60.    Admit that the documents speak for themselves and to the extent this allegation is consistent with those documents, it is admitted.  C2 denies all portions of this allegation which are not consistent with the document.

61.    Deny.

62.    Deny.

63.    Admit.

64.    C2 incorporates herein by this reference its answers to all previous allegations and further affirmatively alleges that this claim under the heading of Count I is subject to C2's joinder in the pending Motion to Dismiss this claim including all paragraphs numbered 64-80 and answers all such paragraphs subject to that Motion to Dismiss.

65.    Neither admit nor deny.

66.    Neither admit nor deny.

67.    Deny.

68.    Deny.

69.    Deny.

70.    Deny.

71.    Deny.

72.    Neither admit nor deny.

73.    Neither admit nor deny.

74.    Deny.

75.    Deny.

76.    Deny.

77.    Deny.

78.    Deny.

79.    Deny.

80.    Deny.

81.    C2 incorporates herein by this reference is answers to all previous allegations.

82.   Deny.

83.   Deny.

84.   Deny.

85.   C2 incorporates herein by this reference its answers to all previous allegations.

86.   Deny.

87.   Deny.

88.   Deny.

89.   Deny.

90.   Deny.

91.   Deny.

92.   C2 incorporates herein by this reference its answers to all previous allegations.

93.   Admit owed duties to members but deny the Plaintiff was a member.

94.   Deny.

95.   Deny.

96.   Deny.

97.   C2 incorporates herein by this reference its answers to all previous allegations.

98.   Deny.

99.   Deny.

100.  C2 incorporates herein by this reference its answers to all previous allegations.

101.  Deny.

102.  C2 incorporates herein by this reference its answers to all previous allegations.

103.  Neither admit nor deny.

104. Deny.

105. Neither admit nor deny.

106. Deny.

107. Deny.

108. C2 incorporates herein by this reference its answers to all previous allegations.

109. Deny.

110. Deny.

111. C2 incorporates herein by this reference its answers to all previous allegations.

112. Neither admit nor deny.

113. Deny.

114. C2 incorporates herein by this reference its answers to all previous allegations.

115. Deny.

116. Deny.

117. Deny.

118. C2 incorporates herein by this reference its answers to all previous allegations.

119. Deny.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff by his actions and conduct waived the relief which it has requested.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and Defendants have entered in various novations which may apply to the relief sought by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and Defendants have entered into various accords and satisfactions which may apply to the relief sought by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, estopped and/or waived by failure to mitigate alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred, estopped and/or waived by a failure of consideration.

### TENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred, estopped and/or waived by illegality.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred, estopped and/or waived by the rule of parole evidence.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred, estopped, and/or waived by the performance of Defendant of its responsibilities under the subject agreements.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Statute of Frauds.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred, estopped, and/or waived by failure to comply with the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred, estopped and/or waived by Plaintiff's breach of the subject agreements.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims may be barred, estopped, and/or waived by the failure of the alleged agreement to meet the legal requirements of an agreement under the Utah Revised Business Corporations Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, estopped, and/or waived by lack of capacity of the individual allegedly making an such agreements or representations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, estopped, and/or waived by the doctrine of merger.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, estopped and/or waived by Plaintiff's violation of the implied covenant of good faith and fair dealing.

### TWENTITH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, estopped and/or waived as claimed because said claims do not represent the complete agreements, if any, entered into by the parties hereto.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, estopped and/or waived as claimed because of a lack of meeting of the minds.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's action is barred, estopped and/or waived based on procedural defects.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the economic loss doctrine.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by failure to join an indispensable party.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by impossibility.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by his own negligence which is greater than Defendants and/or contributed to the cause of his own damages.

14

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the intervening conduct of third parties who are not named as parties to this action.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because Plaintiff ratified the conduct of the Defendants.

## TWENTY NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because of lack of willful or intentional conduct on the part of Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because any statements upon which the defamation claim was made were true.

## THIRTY FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because Defendant did not retain any benefit and therefore was not unjustly enriched.

## THIRTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because of a lack of injustice.

## THIRTY THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because of the failure to plead all allegations relating to fraud with particularity.

## THIRTY FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because of the lack of reasonable reliance on the part of Plaintiff.

## THIRTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because of a lack of fiduciary relationship between the parties.

## THIRTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because Defendant did not make any false representations.

## THIRTY SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because Defendant fully disclosed all information to Plaintiff.

## THIRTY EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part due to a lack of any fiduciary relationship.

## THIRTY NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because Defendant did not retain any property belonging to the Plaintiff.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because of the lack of an agreement on the part of Defendant to deprive Plaintiff of any interest or right in property, contract or otherwise.

16

## FORTY FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because of the lack of any special relationship between the Plaintiff and Defendant.

## FORTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because of a lack of any confidential relationship between the Plaintiff and Defendant.

## FORTY THIRD AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to this Defendant under the Constitution of the State of Utah.

## FORTY FOURTH AFFIRMATIVE DEFENSE

The claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the Untied States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; and/or the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

## FORTY FIFTH AFFIRMATIVE DEFENSE

There is no set of objective and/or definitive standards for determining the alleged reprehensibility of this Defendant's conduct complained of or that this Defendant could be aware that its course of conduct may allow the imposition of punitive damages, and hence any punitive

damages assessed against Defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### FORTY SIXTH  AFFIRMATIVE DEFENSE

The award of punitive damages or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

### FORTY SEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages, or the determination of the amount of punitive damages, based in whole or in part in any way on this Defendant's actions as alleged in this case would violate, separately and jointly, the Commerce Clause and the Fifth and Fourteenth Amendments.

### FORTY EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering on any of his claims, separately and severally, any punitive damages claimed therein for reason that the recovery of punitive damages violates this Defendant's due process rights under the Fourteenth Amendment of the United States Constitution.

### FORTY NINTH  AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering any punitive damages against Defendant for reason that recovery of punitive damages from Defendant in this case would violate Defendant's substantive and/or procedural right to due process of the law under the United States Constitution.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any punitive damages on any of his claims, separately and severally, against Defendant for reason that recovery of punitive damages is a violation of Defendant's constitutional rights for due process of law under the United States Constitution in that the standards for assessing punitive damages are so vague, ambiguous, and uncertain that Defendant would be denied its protected constitutional rights.

## FIFTY FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering punitive damages on any of Plaintiff's claims separately and severally, against Defendant in this case for reason that any award of punitive damages would violate the substantive due process rights of Defendant under the United States Constitution because there is not sufficient guidance and instruction that could be given to a fact finder so that he/she might reach a rational decision on the imposition of any punitive damages; there are a lack of meaningful standards that govern punitive damages which means that a fact finder in this case would have almost unfettered discretion in awarding punitive damages, and/or the award of punitive damages against Defendant in this case would not have any reasonable relation to the injury inflicted and/or the conduct that caused the injury.

## FIFTY SECOND  AFFIRMATIVE DEFENSE

Plaintiff is barred form recovering punitive damages in this case because there is no reasonable relationship between any punitive damages award that could be made in this case and the harm likely to result from Defendant's conduct as well as the harm that actually has allegedly occurred to Plaintiff.

### FIFTY THIRD  AFFIRMATIVE DEFENSE

Imposition of punitive damages are barred against the Defendant in this case for reason that the conduct complained of is not sufficiently reprehensible to sustain the award of any punitive damages, and an award of punitive damages for such conduct would violate the Due Process Clause under the Fourteenth Amendment of the United States Constitution and under the standards enunciated in *BMW of North America, Inc. v. Gore* and *State Farm Mutual Automobile Insurance Co. v. Campbell.*

### FIFTY FOURTH AFFIRMATIVE DEFENSE

Punitive damages cannot be awarded in this case without violating the basic guarantee of non-arbitrary governmental behavior guaranteed under the Due Process Clause of the United States Constitution.

WHEREFORE, this Court should dismiss Plaintiff's Complaint and it should take nothing thereby.

Dated this 18th day of March, 2009

### STOWELL & CRAYK, PLLC


By  /s/Douglas L. Stowell

*Attorneys for Defendant C2 Systems, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2009, I electronically filed, and caused to

be served via Notice of Electronic Filing, a true and correct copy of the foregoing

**ANSWER TO COMPLAINT** upon the following:

David W. Scofield
Thomas William Peters
Attorneys for Plaintiff
Ste 115 Parleys Corporate Center
2455 Parleys Way
Salt Lake City, Utah 84109
(801) 322-2002
Email: dws@psplawyers.com
Email: twp@psplawyers.com

John R. Lund
P. Mathew Cox
Attorneys for Sun Trust Banks
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place 11th Floor
Salt Lake City, Utah 84145-5000
(801) 521-9000
Email: intakeclerk@scmlaw.com
Email: pmc@scmlaw.com

Stuart H. Schultz
Attorney for Clayton B. McCullough and Pratt Thomas Walker
STRONG & HANNI
3 TRIAD CTR STE 500
SALT LAKE CITY , UT 84180
(801)532-7080
Email: sschultz@strongandhanni.com

Kendall Bryant
108 FOREST VIEW
PEACHTREE CITY, GA 30269
(770)486-8009
PRO SE

/s/Douglas L. Stowell